

# Missouri Court of Appeals

## Southern District

### Division One

CARMEN E. WOOD (f/k/a Carmen E. Ready), an individual and in her capacity as Trustee of the Donald J. Ready and Carmen E. Ready Revocable Living Trust dated November 19, 2009, )
)
)
)
)
)

Plaintiff-Appellant, )
)

vs. )
)

BANK OF AMERICA, N.A., )
)

Defendant/Respondent, )
)

and MILLSAP & SINGER, P.C., )
)

Defendant. )

No. SD37340

Filed: June 9, 2022

## APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Mark A. Powell, Judge

## **AFFIRMED**

Carmen E. Wood (f/k/a Carmen E. Ready), an individual and in her capacity as Trustee of the Donald J. Ready and Carmen E. Ready Revocable Living Trust dated November 19, 2009 ("Wood"), appeals the trial court's entry of summary judgment in favor of Bank of America,

N.A. ("BANA") and release of a *lis pendens*. In two points on appeal, Wood argues that the trial court erred in granting BANA's motion for summary judgment on: (1) Wood's claim for breach of fiduciary duty in that this was a question of fact and not a question of law; and (2) Wood's claim for exemplary or punitive damages because this was a question of fact and not law. Finding no merit to Wood's points, we affirm the trial court's judgment.

**Facts and Procedural History**

In 2001, Wood, and her then-husband, Donald Ready ("Ready"), purchased real property located at 2533 North Fort Avenue, Springfield, Missouri (the "Property"). They took out two loans from BANA secured by the Property. Thereafter, they transferred their individual interests in the Property to the Donald J. Ready and Carmen E. Ready Revocable Living Trust.

Wood and Ready divorced in 2014. A "Judgment and Decree of Dissolution of Marriage" provided that the Property was to be "placed on the market and must be sold at fair market value or an amount agreeable by the parties." If the Property was not sold within twelve months from the judgment, then it was to be auctioned. Ready was allowed to occupy the home until it was sold, and was to be responsible for payment of all bills associated with the home, including maintaining insurance on the home. The Property was neither sold nor auctioned, and the joint revocable trust continued to hold title.

In July 2015, Ready obtained a $50,000 line of credit from BANA to refinance the existing residential loan, thus eliminating Wood's personal liability for the 2001 loans ("2015 Loan"). While Wood did not sign a promissory note securing the loan, she and Ready did sign a Deed of Trust encumbering the Property as security for repayment of the 2015 Loan.

Ready later defaulted on the 2015 Loan. On October 3, 2018, BANA appointed Millsap & Singer, P.C., as Successor Trustee under the Deed of Trust. On May 15, 2019, Millsap & Singer

served Wood and Ready with a Notice of Trustee's Sale scheduling a foreclosure sale on the Property for June 11, 2019.

On June 5, 2019, Wood filed a two-count petition against BANA and Millsap & Singer to prevent the foreclosure sale. Wood amended the petition on June 19, 2019, asserting in Count I a breach of fiduciary duties, and in Count II a claim for recovery of exemplary or punitive damages. Ready was not a party to Wood's lawsuit. The foreclosure sale was cancelled after Wood filed suit. Ready remains in default, but the sale has not gone forward. At some point, Wood filed a *lis pendens* against the Property.

Both BANA and Millsap & Singer filed motions to dismiss. After hearing argument, the trial court denied the motions finding:

> AFTER CONSIDERATION, DFTS' MOTIONS TO DISMISS PLT'S PETITION MAY RAISE ISSUES OUTSIDE THE SCOPE OF PLT'S PETITION ITSELF AND MAY BETTER BE PRESENTED THROUGH MOTIONS FOR SUMMARY JUDGMENT. THEREFORE, DFTS' MOTIONS TO DISMISS ARE OVERRULED. DFTS GIVEN 30 DAYS TO FILE AN ANSWER.

On May 5, 2021, BANA filed a "Motion for Summary Judgment and Suggestions in Support" and "Statement of Uncontroverted Material Facts" asserting that the undisputed facts were that Ready had defaulted on the promissory note, that Wood was bound by the Deed of Trust, and that the Deed of Trust authorized BANA and Millsap & Singer to foreclose.

Wood responded with a "Motion for Partial Summary Judgment" contending that: (1) Millsap & Singer breached a fiduciary duty to her in seeking to foreclose; and (2) BANA could not direct a foreclosure against her interest in the Property because she was not indebted to BANA. Millsap & Singer filed a response to Wood's motion.

After hearing oral argument on the motions for summary judgment, the trial court found "that each statement of material fact cited in support of BANA's Motion is uncontroverted, that

3

no issues of material fact exist, and that BANA has established that it is entitled to judgment as a matter of law."  The trial court granted BANA's Motion for Summary Judgment and dismissed Wood's claims against BANA with prejudice.  The trial court overruled Wood's Motion for Partial Summary Judgment.  The trial court also found that there "is no just reason for delay in granting BANA's Motion while [Wood]'s litigation against [Millsap & Singer continues[.]"

On September 13, 2021, Wood filed a "Motion to Amend or Alter Amended Judgment and Order Granting Bank of America's Motion for Summary Judgment and Releasing Lis Pendens," which the trial court denied.  This appeal followed.

In two points relied on, Wood argues:

## POINT I

THE TRIAL COURT ERRED IN GRANTING THE MOTION OF BANK OF AMERICA FOR SUMMARY JUDGMENT ON APPELLANT[']S CLAIM SEEKING RECOVERY OF ACTUAL DAMAGES FOR BREACH OF FIDUCIARY DUTY BECAUSE A FIDUCIARY DUTY EXISTED AS A MATTER OF LAW WHICH NECESSARILY REQUIRED DETERMINATION OF WHETHER A BREACH OF THE FIDUCIARY DUTY HAD OCCURRED TO BE MADE BY A TRIER OF FACT, IN THAT THE PROPER DETER-MINATION OF WHETHER A FIDUCIARY DUTY EXISTS IS A QUESTION OF LAW WHICH, EXISTED AS A MATTER OF LAW AND WAS ADMITTED BY DEFENDANTS BANK OF AMERICA AND MILLSAP AND SINGER, P.C. WHICH REQUIRED THE TRIAL COURT TO ALLOW A JURY TRIAL TO DETERMINE WHETHER THERE HAD BEEN A BREACH OF THE FIDUCIARY DUTY, A FACT QUESTION, FOR A TRIER OF FACT, IN ACCORD WITH MISSOURI SUPREME COURT CASE AUTHORITY, *WESTERN BLUEPRINT V. ROBERTS*, 376 S.W.3d 7 (Mo. 2012).

## POINT II

THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT OF RESPONDENT BANK OF AMERICA AS TO COUNT II OF APPELLANT[']S PETITION, ASSERTING A CLAIM FOR RECOVERY OF EXEMPLARY OR PUNITIVE DAMAGES BECAUSE A DETERMINATION OF WHETHER AN AWARD OF PUNITIVE DAMAGES SHOULD BE MADE IS A QUESTION OF FACT TO BE DETERMINED BY A TRIER OF FACT, IN THAT UPON REMAND OF THIS CASE TO THE TRIAL COURT FOR FURTHER PROCEEDINGS INCLUDING APPELLANT[']S

4

EFFORTS TO OBTAIN A RECOVERY OF DAMAGES TO BE AWARDED BY A TRIER OF FACT FOR BREACH OF FIDUCIARY DUTY, APPELLANT SHOULD BE AFFORDED AN OPPORTUNITY TO SUBMIT TO A TRIER OF FACT HER CLAIM FOR RECOVERY OF PUNITIVE DAMAGES CONSISTENT WITH MISSOURI SUPREME COURT CASE AUTHORITY ESTABLISHING THE RIGHT TO HAVE A DETERMINATION OF WHETHER AN AWARD OF EXEMPLARY OR PUNITIVE DAMAGES AWARDS IS APPROPRIATE TO BE MADE BY A JURY.

**Standard of Review**

A reviewing court "reviews the circuit court's grant of summary judgment de novo[,] [b]ut this standard of review does not alter that appellants always bear the burden of establishing error whatever the standard of review." *City of De Soto v. Parson*, 625 S.W.3d 412, 416 n.3 (Mo. banc 2021). "Summary judgment will be affirmed when the moving party has established a right to judgment as a matter of law on the basis of facts to which there is no genuine dispute. This Court reviews the record in the light most favorable to the party against whom judgment was entered." *Holmes v. Steelman*, 624 S.W.3d 144, 148 (Mo. banc 2021).

**Analysis**

*Point I: Fiduciary Duty*

In her first point relied on, Wood argues that the trial court erred in granting summary judgment in favor of BANA because a fiduciary duty existed as a matter of law from BANA to Wood. Specifically, Wood asserts that it was a fact question for the jury as to whether a fiduciary duty was breached.

"[A]bsent other evidence of a fiduciary relationship, there is no such relationship between a bank as lender and its customer as borrower." *See* **Hall v. NationsBank**, 26 S.W.3d 295 (Mo.App. E.D. 2000). Wood's argument contends that Millsap & Singer owed her a fiduciary duty, then seeks to impute that duty to BANA on the theory that an attorney-client relationship existed between BANA and Millsap & Singer. As BANA correctly points out in its brief, "[t]his

5

argument fails because [Wood] cannot show that Millsap & Singer breached a fiduciary duty to her or that its independent duty to Plaintiff as the Deed of Trust trustee can somehow be imputed to its sometime client, Bank of America."

Wood's Point I is denied.

### *Point II:  Exemplary or Punitive Damages*

In her second point, Wood argues that the trial court erred in granting BANA's summary judgment as to exemplary or punitive damages because such issue was a question of fact for the fact-finder and not an issue of law for determination on summary judgment.

Wood's second point argument hinges on the success of her first point.  Since Point I fails, we accordingly deny Wood's Point II.

The judgment of the trial court is affirmed.

WILLIAM W. FRANCIS, JR., P.J. - OPINION AUTHOR

JEFFREY W. BATES, J. - CONCURS

JACK A. L. GOODMAN, J. - CONCURS